

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 24, 1973

Honorable Ogden Bass
District Attorney
Brazoria County
Angleton, Texas 77515

Dear Mr. Bass:

Opinion No. H- 68

Re: Whether it is a trepass
for a boat, floating in
tidal water, to occupy
a position over private,
submerged property.

You have requested our opinion as to whether or not occupants of
a boat are trepassing on private property if, when the boat is floating
in tidal water it occupies a position over and above private property
which is submerged by the tidal water.

You have furnished us with a sketch of the proposed project from
which we gather that the intercoastal waterway is generally to the north-
west of the property in question. At some time in the past a drainage
cut has been made along the southwest boundary of the property in ques-
tion. As this drainage cut approaches the intercoastal waterway it widens
so that, while it is 20 feet in width at the southeast end of the property,
at or near the proposed boat ramp, the cut is 47 feet wide and is 62 feet
wide as it enters the intercoastal waterway.

Apparently at low tide the entire 47 foot width and/or the 62 foot
width are above water, but with the rise of the tide it becomes submerged.
Of the 47 foot width and the 62 foot width a large portion is owned by pri-
vate owners.

You have not furnished us any facts concerning the basis under which
the surface of these owners is submerged. We are not asked and do not
answer what their rights are in their property which is under the tidal water,
or what uses they may make of it.

The ramp which is to be constructed is entirely on state highway
department property and does not project onto or over the private property.

However, boats will be able to use the ramp only when the private property is submerged.

Section 5.021(a) of the Water Code, Vernon's Texas Civil Statutes, provides:

> "The water of the ordinary flow, underflow, and tides of every flowing river, natural stream, and lake, and of every bay or arm of the Gulf of Mexico, and the storm water, flood water, and rain water of every river, natural stream, canyon, ravine, depression, and watershed in the state is the property of the state."

It is our opinion, therefore, that the water covering the privately owned but submerged land is state water and that the public has a right to use the water for navigation, fishing and other lawful purposes. Diversion Lake Club v. Heath, 86 S.W. 2d 441 (Tex. 1935); State v. Lain, 349 S.W. 2d 579 (Tex. 1961). And see Attorney General Opinion M-1210 (1972).

As these authorities hold, however, the right to enjoy the water does not give the public the right to trespass on the property itself to gain access to the water.

However, in answer to your question, we would state that when a boat is floating in tidal water, even though it occupies a position over and above private property which is submerged by said tidal water, the occupants of the boat are not trespassing on the private property. This is particularly true if the flooding results from voluntary acts of its owner.

### SUMMARY

Where private property is submerged as a result of the construction of a lake, a waterway, etc., in the absence of some special provision affecting title to the private property it remains such and is subject to the rules against trespass. Persons using tidal waters above such private property, however, do not commit a trespass even though above the submerged prop-

erty, so long as they do not actually use private property as means of access to the water.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee